983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Richard GELLES, William P. Gergen and Robert G. Lutz.
 No. 92-1310.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1992.
 
 Before RICH, LOURIE and SCHALL, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Richard Gelles, William P. Gergen, and Robert G. Lutz (collectively Gelles) appeal the January 24, 1992 decision of the Board of Patent Appeals and Interferences, Appeal No. 91-3251, affirming the rejection of claims 100, 101, and 103 in patent application Serial No. 07/243,382, a continuation-in-part of Serial No. 07/761,120, as unpatentable on the ground of obviousness under 35 U.S.C. § 103 (1988). We affirm.
 
 DISCUSSION
 
 2
 The claimed invention relates to an impact resistant thermoplastic composition. Claim 100, from which claims 101 and 103 depend, reads as follows:
 
 A polymer composition, comprising:
 
 3
 from 70% to 80% by weight of a thermoplastic polyamide which is produced from a diamine and a dicarboxylic acid;
 
 
 4
 from 20% to 30% by weight of a styrene-hydrogenated butadiene-styrene block copolymer, at least one-half of the total amount of the block copolymer by weight having maleic anhydride groups free-radically grafted to the hydrogenated butadiene blocks; and
 
 
 5
 a room temperature Notched Izod impact strength of at least 18.4 ft-lb/in. [emphasis added].
 
 
 6
 The Board affirmed the rejection of the claims under section 103 in view of two references, European Patent Application 85,115 to Shiraki et al. and U.S. Patent 4,489,471 to Saito et al. Gelles concedes that Shiraki provides a prima facie indication of obviousness. Gelles seeks to rebut the prima facie case by showing that the increased impact strength of the claimed composition is unexpected, and that it thus renders the claimed subject matter nonobvious. See In re Papesch, 315 F.2d 381, 137 USPQ 43 (CCPA 1963). Specifically, the highest impact strength reported by Shiraki is 13.8 ft-lb/in., while Gelles' claim is to compositions having an impact strength of at least 18.4 ft-lb/in. Gelles bears the burden of showing that an increase in impact strength from 13.8 ft-lb/in. to 18.4 ft-lb/in. is an unexpected result, In re Piasecki, 745 F.2d 1468, 1472, 223 USPQ 785, 788 (Fed.Cir.1984), and the sole issue in this appeal is whether Gelles has satisfied that burden.
 
 
 7
 The Board held that Gelles failed to produce evidence of unexpected results adequate to rebut the prima facie case, stating that there was no indication in the specification or in any accompanying declaration that the claimed impact strength was "unexpected, of statistical significance or of practical significance." The Board stated that Gelles' rebuttal case consisted solely of attorney argument which is "not entitled to the weight of conclusions accompanying the evidence, either in the specification or in a declaration."
 
 
 8
 We agree. Gelles's rebuttal case is based solely on the fact that 18.4 ft-lb/in. is greater than 13.8 ft-lb/in. and on conclusory statements in the specification such as "[f]urther research and experimentation of polyamide compositions similar to those of Shiraki have yielded unexpected and significant impact property improvements" and "[t]he super-tough blend compositions embodying the present invention are unexpected and surprising [emphases added]." Gelles' use of terminology in the specification such as "unexpected," "significant," and "surprising" is not evidence that constitutes a showing sufficient to rebut a prima facie case. Gelles offers no objective evidence, such as an affidavit of an expert, which would permit us to conclude that a 30% increase in impact strength is significant and unexpected. Gelles argues that the Commissioner has failed to produce evidence showing that the improved impact strength is not significant. Gelles misapprehends the applicable burden of proof: "After a prima facie case of obviousness has been established, the burden of going forward shifts to the applicant." Piasecki, 745 F.2d at 1472, 223 USPQ at 788. Therefore, Gelles, not the Commissioner, bears the burden of showing unexpected results. Gelles also argues on appeal that Shiraki does not "provide even the slightest clue" as to how to increase impact strength from 13.8 ft-lb/in. to 18.4 ft-lb/in. However, Gelles has failed to show that an impact strength of 18.4 ft-lb/in. is an unexpected improvement. Absent such a showing, it does not matter whether Shiraki teaches how to increase the impact strength beyond 13.8 ft-lb/in. since Gelles has not shown that the increase was unexpected.
 
 
 9
 We have considered Gelles' other arguments and judge them to be without merit. We thus agree with the Board that Gelles has failed to rebut the prima facie case of obviousness by showing that the claimed impact strength of 18.4 ft-lb/in. is an unexpected result.* Accordingly, the decision of the Board is affirmed.
 
 
 
 *
 Because we determine that the claimed subject matter would have been obvious over Shiraki, we need not reach the Board's rejection over Saito. We note, however, that the Commissioner conceded that Saito is not prior art and that the Board's rejection over Saito should therefore be reversed if the rejection over Shiraki were to be reversed. That obviously has not occurred